## LESTER NICHOLSON v. STATE.

No. A-7164. Opinion Filed June 5, 1930.
(288 Pac. 996.)

John V. Roberts, for plaintiff in error.

The Attorney General and Edward Crossland, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Garfield county of the crime of robbery with firearms, and his punishment fixed at imprisonment for a term of 15 years in the state penitentiary.

Andy Reed, the prosecuting witness, testified that he was robbed of $263 to $273 at his residence in the town of Covington on the night of January 10, 1928; that the defendant had a pistol and had the lower part of his face covered; that he kept sizing him up and trying to figure out who he was; that, after robbing him, the defendant and the man who helped him walked to the corner, got in a Ford coupe, and left; that the moon was shining bright, and that he heard defendant's voice; that next day he saw the defendant in company with Frank Groom at Enid, and recognized him as the man who had robbed him; that he identified the pistol taken from the defend-ant when arrested as the one used in the robbery; that he examined the automobile tracks at the corner where the defendant had robbed him, and that they were the same tracks as those at the Barnes place where defend-ant admitted he was that night; that he knew defendant by his voice and general appearance. The facts and cir-cumstances in the case, together with other testimony offered by the state, tended to corroborate the complain-ing witness except as to what actually occurred at the time of the robbery.

Defendant admitted at the trial that he was at the Barnes place near where prosecuting witness was robbed at about the time of the robbery, and that he was riding in a Ford coupe and stopped at the Barnes place to get, as he says, some whisky.

Defendant raises but one question, and that is the sufficiency of the evidence to support the verdict of the jury. This court has uniformly held that it will not set aside the verdict of the jury where there is competent evidence tending to support the same. A careful exam-ination of the record discloses that the evidence, while

conflicting, was sufficient to justify the jury in finding the defendant guilty.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.